ROBERT RUSSELL DREW
155 Anderson Dr Unit 2302, San Rafael, ca, 94901
Tele.: 848-218-2227
DREW3489@GMAIL.COM

FILED
FEB 21 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

NP
Fee
Paid
99

DMR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RUSSELL DREW, an Individual, <br>     Plaintiff, <br><br> V. <br><br> AvalonBay Communities INC, an Incorporated Business <br>     Defendant. | Case: **C17- 0846** <br><br> Judge: <br><br> **COMPLAINT** |



### Nature of Action:
### FEDERAL CIVIL ACTION SEEKING DAMAGES

1. COMES NOW BEFORE THIS COURT, Plaintiff, Robert Russell Drew, and for his Complaint states as follows.:

### Introduction

2. Robert Russell Drew, Plaintiff, alleging multiple willful and or negligent violations of Federal and State consumer protection statutes. Specifically the Fair Credit Reporting Act, The Equal Opportunity Credit Act, and the state of California's Consumer Credit Reporting Agencies Act.

### Parties

2. The plaintiff in this case, Robert Russell Drew (a natural person under the law) residing at the time(s) of the alleged incident(s); at 340 Channing Way apt 158, San Rafael CA, 94903.

3. The Defendant AvalonBay Communities INC, (an incorporated business) who's primary place of business is 671 N GLEBE RD STE 800 ARLINGTON VA 22203 and duly licensed to do

business in the state of California. AvalonBay Communities California process of service address is 818 W 7TH ST STE 930 LOS ANGELES CA 90017.

## JURISDICTION

4. This court has jurisdiction in the above stated complaint as it arises due to known violations of Federal law, and state laws anchored within the federal question due to pendent jurisdiction, and in accordance with current practice, the jurisdiction of federal district court as an elected option is authorized.

## Venue

5. This venue is appropriate as the plaintiff, during the times of all the alleged violations of law resided w/in its scope of authority.

## Intra-district Assignment

6. This lawsuit should be assigned to the San Francisco and or Oakland Division of this court because a substantial part of events that gave rise to this suit occurred in Marin County.

## Factual Allegations

7. Defendant holds itself out as being a company engaged in the rental of single family apartment units to consumers.

8. As part of its business, Defendant routinely engages in tenant screening(s) and performing of background and or credit history reviews of applicants for tenancy.

9. On or about January 24 of February 2016 Plaintiff and an unrelated co-applicant applied for a one year rental lease at the address 340 Channing Way Apt 158, San Rafael, CA.

10. Plaintiff applied for an apartment lease at a property owned, managed and/or maintained by Defendant.

11. Plaintiff was interested in the property because of its single-level layout and location providing convenient access to his workplace.

12. Plaintiff and co-applicant toured the apartment with a leasing agent employed by Defendant.

13. At all relevant times, Plaintiff was an "applicant" as that term is defined by 15 U.S.C. §1691a(b).

14. At all relevant times, Defendant acted as a "creditor" as that term is defined by 15 U.S.C. §1691a(e).

15. As a part of the application process, Defendant required Plaintiff to authorize a review of his consumer report as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681a(d).

16. On or about 24 of February 2016, Defendant, as part of its customary practice and course of business in reviewing a consumer's application for renting a home and his or her credit capacity and credit worthiness, purchased and or procured a consumer report regarding a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. §1681a(f).

17. Shortly after completing the required paperwork to secure an application rental 'hold,' and paying an initial down payment; Plaintiff was advised that "There was a problem with the application." This information was relayed to Plaintiff solely by the co-applicant.

18. Defendant rejected Plaintiff's first application based upon information contained within the report.

19. Plaintiffs' co-applicant was advised he/we would be required to provide a 'guarantor' to continue with the apartment lease or not complete the lease signing due to alleged derogatory information contained in Plaintiffs personal credit report. Although no adverse action notice was provided in writing or orally by Defendant at any time thereafter.

20. Within 48 hours, Plaintiff completed the new, additional steps required to add a new 'guarantor' to the application.

21. Plaintiff and the co-applicant were reviewing the tentatively approved lease shortly after, and co-applicant stated, "I never knew you filed bankruptcy…" Alarmed, Plaintiff inquired as to how this information was learned, and was advised that in sum, Defendant provided Plaintiff's credit report to the co-applicant and Defendants agent 'reviewed' said report detailing the 'derogatory info.'

22. Due to Defendants negligent and willful actions, plaintiff incurred additional real expenses in the form of lost time from work, mileage, fuel, postage and emotional distress.

## COUNT ONE

### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et SEQ "Improper Disclosure"

*Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system and to protect consumer privacy [emphases added]. See 15 U. S. C. § 1681(a) (1994 ed.). As relevant here, the Act seeks to accomplish those goals by requiring credit reporting agencies to maintain "reasonable procedures" designed "to assure maximum possible*

*accuracy of the information" contained in credit reports, § 1681e(b), and to "limit the furnishing of [such reports] to" certain statutorily enumerated purposes, § 1681e(a); 15 U. S. C. § 1681b (1994 ed. and Supp. V). The Act creates a private right of action allowing injured consumers to recover "any actual damages" caused by negligent violations and both actual and punitive damages for willful noncompliance. See 15 U. S. C. §§ 1681n, 1681o (1994 ed.).*
*-Trw Inc. v. Andrews, 534 U.S. 19, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001).*

23. The foregoing paragraphs 1 – 22 are incorporated herein by reference.

24. Defendant garnered, procured and or used a 'consumer report' as defined by the FCRA concerning the Plaintiff from a consumer reporting agency.

25. Defendant negligently and or willfully violated the Fair Credit Reporting Act by failing to follow established disclosure requirements.

26. Defendant knowingly or with willful disregard released a consumer credit report to a third party.

27. Defendant negligently and or willfully violated the Fair Credit Reporting Act by not receiving a single document consisting solely of the disclosure to release, and at most authorization to procure a consumer report *and* disclose it to a party other than use solely by Defendant.

28. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, as well as concrete monetary loss.

## COUNT II

### CCP Section 1785.2
### "CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT"

*1785.20. (a) If any person takes any adverse action with respect to any consumer, and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, that person shall do all of the following:*
  *(1) Provide written notice of the adverse action to the consumer.*
  *(2) Provide the consumer with the name, address, and telephone number of the consumer credit reporting agency which furnished the report to the person.*
  *(3) Provide a statement that the credit grantor's decision to take adverse action was based in whole or in part upon information contained in a consumer credit report.*
  *(4) Provide the consumer with a written notice of the following rights of the consumer:*
    *(A) The right of the consumer to obtain within 60 days a free copy of the consumer's consumer credit report from the consumer credit reporting agency identified pursuant to paragraph (2) and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis.*

29. The foregoing paragraphs are incorporated herein by reference.

30. Defendant used a 'consumer report' as defined by CCP 1785, concerning the Plaintiff from a consumer reporting agency.

31. Defendant negligently and willfully violated the Consumer Credit Reporting Agencies Act by failing to follow established adverse action requirements.

## COUNT III
### 15 U.S.C. §1691et SEQ EQUAL OPPORTUNITY CREDIT ACT

*Pursuant to section 1691(d) of the ECOA:*
*Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by--*
*(A) Providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or*
*(B) Giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request. (3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.*
*3 15 U.S.C. § 1691(d)(2), (3).*

32. The foregoing paragraphs are incorporated herein by reference.

33. In taking adverse action against Plaintiff in response to his application with Defendant, Defendant failed to, and as such violated the EOCA by;
    (a) Provide Plaintiff with a statement of reasons in writing for the adverse action taken;
    (b) Provide written notification of adverse action which disclosed to Plaintiff his right to a statement of reasons for the adverse action within thirty days after receipt by Defendant of a request made within sixty days after the notification of the denial of credit, and the identity of the person or office from which such statement may be obtained; and,
    (c) Provide the specific reasons for the adverse action taken.

## PRAYER FOR RELIEF

34. The foregoing paragraphs are incorporated herein by reference.

35. Defendant's conduct violated 15 U.S.C. § 1681 et SEQ
36. Defendant's conduct violated CCP Section 1785.2.
37. Defendant's conduct violated 15 U.S.C. §1691et SEQ

**WHEREFORE**, the Plaintiff having set forth their claims for relief against the Defendant respectfully prays of the Court as follows:

A. Plaintiff requests an Order declaring the Defendant guilty; and awarding Plaintiff damages of $1,000.00 pursuant to 15 U.S.C. § 1681 (Negligently and or willfully improperly disclosing credit information to unauthorized parties.)

B. Plaintiff requests an Order declaring the Defendant guilty; and awarding Plaintiff damages of up to $5,000.00 pursuant to CCP Section 1785.2 (Negligently and or willfully failing to provide an adverse action notice as well as improperly disclosing credit information to unauthorized parties.)

C. Plaintiff requests an Order declaring the Defendant guilty; and awarding Plaintiff punitive damages of up to $10,000.00 (Failing to provide an adverse action notice in compliance with the EOCA.)

D.  The cost of suit herein.

E.  Further relief as the Court may deem just and proper.

Humbly Requested and Respectfully Submitted

*///SIGNED///*
*ROBERT RUSSELL DREW*

ROBERT RUSSELL DREW
(PRO SE) plaintiff
155 Anderson Dr
Unit: 2302
San Rafael, CA.94901
Email: Drew3489@gmail.com